# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

| | |
|---|---|
| EAST COAST TRUCK AND TRAILER SALES, INC. | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 2:09cv583 ) |
| MOTOR CITY AUTO TRANSPORT, INC., | ) ) ) |
| Defendant. | ) |

## RESPONSE TO PLAINTIFF'S MOTION TO REMAND

**NOW COMES** the defendant, Motor City Auto Transport, Inc. ("Motor City"), by counsel, and for its response to Plaintiff's Motion to Remand, states as follows:

1. This action arises out of two contracts involving the purchase by Motor City of certain equipment from East Coast Truck and Trailer Sales, Inc. ("East Coast").

2. East Coast filed two separate actions in the Circuit Court for the City of Chesapeake.

3. Motor City removed both actions, on the basis of diversity of citizenship, to this Court.

4. On December 9, 2009, East Coast filed motions to remand both actions to the Circuit Court for the City of Chesapeake.

5. This Court, by order dated December 16, 2009, consolidated both actions into Case No. 2:09cv583.

6. The contracts at issue in this action were preprinted, form Bills of Sale, prepared by East Coast. Both Bills of Sale contained the following forum selection

clause: "Furthermore, this agreement is governed by the substantive Laws of the Commonwealth of Virginia. Any action brought as a result of this agreement shall be brought in the courts of the City of Chesapeake, Virginia."

7. The restriction within a forum selection clause may be one of either sovereignty or geography. *Nahigian v. Juno-Louduon, LLC*, 2009 U.S. Dist. LEXIS 89133, 11 (E.D. Va. 2009).

8. Courts within a specified geographical area include not only courts within the boundary of that area, but also all courts having jurisdiction over that area. *Id.* at 12-15.

9. "Where ordinary contract principles fail to reveal a single reasonable interpretation of the clause, but the clause is subject to opposing, yet reasonable interpretations, the ambiguous provision is interpreted against the drafter." *First Lowndes Bank v. KMC Group, LLC*, 2009 U.S. Dist. LEXIS 5454 (M.D. Al. 2009) *citing Global Satellite Comm. Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271 (11th Cir. 2004).

10. "A waiver of one's statutory right to remove a case from a state to a federal court must be 'clear and unequivocal.'"*Johnson v. N. States Power Co.*, 2000 U.S. Dist. LEXIS 20845 (D. Kan. Nov. 2, 2000) (internal citations omitted) (holding that the forum selection clause, "shall be brought in the appropriate courts of the State of Minnesota," was geographical and included both the federal and state courts).

11. There are no courts created or established by the City of Chesapeake. To the contrary, the courts physically located within the City of Chesapeake are those created by and subject to the Commonwealth of Virginia.

12.     Thus, at the very least, the forum selection clause drafted by East Coast is ambiguous.

13.     However, when contrasted with the choice of law provision in the sentence immediately preceding the forum selection clause, the latter clause becomes more suggestive of a geographic rather than sovereign limitation.  The choice of law provision specifically references the Commonwealth of Virginia.  Yet in the forum selection clause, East Coast made no reference to the "Commonwealth of Virginia," the "courts of Virginia," or the "state courts."

14.     The absence of any such language and especially the absence of any reference to an actual court sovereign suggest the "courts of the City of Chesapeake, Virginia" were merely intended to create a geographical restriction.

15.     This Court has previously ruled that a geographical restriction includes those courts not physically located in but having jurisdiction over the defined area. *Nahigian* at 12-15.

16.     This Court's jurisdiction includes the City of Chesapeake.  Therefore, as the two actions were timely removed pursuant to this Court's diversity jurisdiction, this Court has jurisdiction and venue is proper.

**WHEREFORE,** Motor City respectfully asks this Court to enter an Order denying East Coast's Motion to Remand, and for such other relief this Court deems proper.

Respectfully Submitted

MOTOR CITY AUTO TRANSPORT, Inc.

　　　　　　　/s/　　　　　
Charles M. Allen, VSB #30183
Matthew L. Curtis VSB #46783
GOODMAN, ALLEN & FILETTI, PLLC
4501 Highwoods Parkway
Suite 210
Glen Allen, Virginia 23060
Phone: (804) 346-0600
Fax:　　(804) 346-5954
Email: callen@goodmanallen.com
　　　　mcurtis@goodmanallen.com
*Attorneys for Motor City Auto Transport, Inc.*

**CERTIFICATE OF SERVICE**

       I hereby certify that on the 21st day of December, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

                Marshall A. Winslow, Jr., Esquire
                WOLCOTT RIVERS GATES
                Convergence Center IV
                301 Bendix Road, Suite 500
                Virginia Beach, Virginia  23452-1385
                mwinslow@wolriv.com

                                     /s/
                    Matthew L. Curtis (VSB No. 46783)
                    GOODMAN, ALLEN & FILETTI, PLLC
                    215 Brooke Avenue, Suite A
                    Norfolk, Virginia  23510
                    (757) 625-1400
                    (757) 625-7701 – fax
                    Email: mcurtis@goodmanallen.com