UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

EAST COAST TRUCK AND TRAILER SALES, INC.,

        Plaintiff,

vs.                          Case No.: 2:09cv583

MOTOR CITY AUTO TRANSPORT, INC.

        Defendant.

**REPLY TO DEFENDANT'S RESPONSE
TO PLAINTIFF'S MOTION TO REMAND**

**NOW COMES** the Plaintiff, East Coast Truck and Trailer Sales, Inc., ("East Coast") by

counsel, and for its reply to Defendant's Response to Plaintiff's Motion to Remand states as

follows:

1.      The forum selection clause in the instant case states: "**Any action brought as a**

**result of this agreement shall be brought in the courts of the City of Chesapeake, Virginia".**

(emphasis supplied).

2.      "The words used by the parties are to be given their plain and usual meaning unless

the contract supplies some other meaning." *Unistaff, Inc. v. Koosharem Corp.* 2009 WL 3233419,

2 (E.D. Va.) citing *Landmark HHH, LLC v. Gi Hwa Park*, 277 Va 50, 55 (2009). The use of the

words "in the courts **of the City of Chesapeake**" by the parties herein rather than the words "in the

courts **in the City of Chesapeake"** is significant. "The term 'of' is a preposition, the plain and

usual meaning of which connotes a possessory relationship".   *Unistaff, Inc. v. Koosharem Corp.*

2009 WL 3233419, 13 (E.D. Va.) citing *Silo Point II LLC v. Suffolk Construction Co., Inc.* 578 F.

Supp. 2d 807, 810-11 (D. Maryland 2008). "The decision not to use the term 'in' rather clearly

1

indicates that the parties did not consider venue to be a matter of geography." *Id.*   The same is true for the instant case as the courts of the City of Chesapeake are those created by and subject to the sovereign Commonwealth of Virginia.

3.       A forum selection clause "…may be categorized as either (1) designating geography or (2) implicating sovereignty." *Unistaff, Inc. v. Koosharem Corp.* 2009 WL 3233419, 3 (E.D. Va.) citing *Ferri Contracting Company v. Town of Masonton, West Virginia*, 2003 WL 2224905, 2-4 (C.A.4 W.Va. ).   "Where the forum selection clause imposes a geographic limit, litigation is permitted in either a federal or state court within the specified geographic boundary." *Ferri Contracting Company v. Town of Masonton, West Virginia*, 2003 WL 2224905, 1 (C.A.4 W.Va. ) (citing cases).   "If the forum selection clause is stated in terms of sovereignty, it is more restrictive and requires that actions be filed in the courts of the state sovereign." *Id.*     The court in *Ferri Contracting* found that the forum selection clause which required disputes to be resolved in a court "*within* the state" of West Virginia did not limit the parties to filing an action in a court "*of*" the state of West Virginia. *Id.*   Conversely, the forum selection clause herein does limit the parties to filing an action in a court "of" the City of Chesapeake.

4.       The forum selection clause in the case of *Nahigian v. Juno-Louduon, LLC* U.S. Dist. LEXIS 89133, 8 (E.D. Va. 2009) cited by Motor City states as follows: "…the sole venue for any litigation shall be Loudon County, Virginia." (Def. Response ¶ 7).   Unlike the forum selection clause in the instant case, the forum selection clause which the court in *Nahigian* determined to be geographic contained only a reference to a location, did not contain the word "of" and did not reference a specific court or court system.

2

5.     Motor City alleges that the forum selection clause herein is ambiguous but cites to the case of *First Lowndes Bank v. KMC Group, LLC.* 2009 WL 174972 (M.D. Ala.) in which the court found that the clause requiring "…that the litigation be commenced and conducted in 'the courts of Butler County, Alabama" was not ambiguous and ordered that the case be remanded. *First Lowndes Bank v. KMC Group, LLC.* 2009 WL 174972, 4 (M.D. Ala.) (Def. Response ¶ 7).

6.     Motor City alleges that the forum selection clause herein is geographic and in support of that argument cites the case of *Johnson v. N. States Power, Co.*, 2000 U.S. Dist. LEXIS 20845 (D. Kan. Nov.2, 2000). (Def. Response ¶ 10). The court in *Johnson* did not consider the use of the words "in" or "of" contained in the forum selection clause which the courts of the 4th Circuit consider to be highly relevant for evaluation of a motion to remand. See: *Ferri Contracting Company v. Town of Masonton, West Virginia*, 2003 WL 2224905 (C.A.4 W.Va.) *Unistaff, Inc. v. Koosharem Corp.* 2009 WL 3233419 (E.D. Va.), *Silo Point II LLC v. Suffolk Construction Co., Inc.* 578 F. Supp. 2d 807 (D. Maryland 2008).

7.     Motor City seeks to create ambiguity where none exists by asking this Court to re-write the forum selection clause to remove the words "in the courts of the City of Chesapeake" and infer some other meaning based upon the choice of law provision instead. (Def. Response ¶ 13).   The fact remains that the courts of the City of Chesapeake are those created by and subject to the sovereign Commonwealth of Virginia and the forum selection clause should be enforced as requested by East Coast.

WHEREFORE, Plaintiff East Coast Truck and Trailer Sales, Inc. respectfully requests that the Court: (1) grant its Motion to Remand to the Circuit Court of the City of Chesapeake; (2) award

3

its costs and expenses, including attorney's fees, incurred as a result of the removal; and (3) award it such other and further relief as the Court deems appropriate.

Respectfully submitted,

EAST COAST TRUCK AND TRAILER SALES, INC.,

By: _____ /s/ _____
Marshall A. Winslow, Jr., Esquire
Virginia State Bar No. 30307
WOLCOTT RIVERS GATES
301 Bendix Rd., Suite 500
Virginia Beach, Virginia 23452
(757) 497-6633
Fax: (757) 687-3678
mwinslow@wolriv.com
*Counsel for East Coast Truck and Trailer Sales, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of December, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Charles M. Allen, Esquire
Virginia State Bar No. 30183
Matthew L. Curtis, Esquire
Virginia State Bar No. 46783
GOODMAN, ALLEN & FILETTI, PLLC
4501 Highwood Parkway, Suite 210
Glen Allen, Virginia 23060
(804) 346-0600
Fax: (804) 346-5954
callen@goodmanallen.com
mcurtis@goodmanallen.com
*Counsel for Motor City Auto Transport, Inc.*

4

_____/s/_____
Marshall A. Winslow, Jr., Esquire
Virginia State Bar No. 30307
WOLCOTT RIVERS GATES
301 Bendix Rd., Suite 500
Virginia Beach, Virginia 23452
(757) 497-6633
Fax: (757) 687-3678
mwinslow@wolriv.com
*Counsel for East Coast Truck and Trailer Sales, Inc.*