**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**



EAST COAST TRUCK AND TRAILER SALES, INC.,

      Plaintiff,

v.                                                  CIVIL ACTION NO. 2:09cv583

MOTOR CITY AUTO TRANSPORT, INC.,

      Defendant.

### *MEMORANDUM ORDER*

Before the Court is Plaintiff's Motion to Remand. This matter has been fully briefed and is ripe for judicial determination.

### I. FACTUAL AND PROCEDURAL HISTORY

On September 21, 2009, Plaintiff filed two complaints against Defendant in the Circuit Court for the City of Chesapeake for breach of contract. On November 25, 2009, Defendant removed the matters to this Court, alleging subject matter jurisdiction based on diversity of citizenship. On December 9, 2009, Plaintiff filed motions to remand both matters to the Circuit Court for the City of Chesapeake based on the forum selection clause in the contract. On December 16, 2009, this Court consolidated the two matters.

### II. LEGAL STANDARD

A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally. 28 U.S.C. § 1441. Sections 1441 and 1446 of Title 28 of the United States Code describe the basis and

procedure for removing cases from state to federal court. In order to remove a case from state to federal court, the defendant must file a notice of removal within thirty days after the receipt of the initial complaint or after the service of summons. 28 U.S.C. §1446(b). If a case is not initially removable, the defendant must file a notice of removal within thirty days after "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*

However, if removal was improper because the federal court lacks jurisdiction, "the case shall be remanded." *Id.* at §1447(c). If removal was improper for any other reason, the objecting party must file a motion within thirty days of the filing of the notice of removal. *Id.* Because removal jurisdiction raises federalism concerns, the removal statutes must be strictly construed. *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). If federal jurisdiction is doubtful, remand to state court is required. *Id.* The court may require the removing party to pay costs and expenses, including attorney fees, incurred due to the removal. 28 U.S.C. §1447(c).

### III. DISCUSSION

At issue in this case is whether the forum selection clause of the contract in dispute limits any action to Virginia state court. In the contract, Paragraph 12 of the Truck/Trailer Bill of Sale states that, "Furthermore, this agreement is governed by the substantive Laws of the Commonwealth of Virginia. Any action brought as a result of this agreement shall be brought in the courts of the City of Chesapeake, Virginia."

2

As a general rule, parties to a contract may include a choice of venue provision. "Absent a showing that the chosen forum is unreasonable or was imposed by fraud or unequal bargaining power, the parties' choice should be enforced." *Vulcan Chemical Technologies v. Barker*, 297 F.3d 332 (4th Cir. 2002). Virginia law also recognizes forum selection provisions are prima facie valid. *See Paul Business Systems, Inc. v. Canon U.S.A., Inc.*, 397 S.E.2d 804, 807 (Va. 1990). In this case, the validity of the forum selection clause is not contested, and as there is no showing that it is unreasonable, it will be enforced.

A forum selection clause may restrict either by sovereignty or geography. *Silo Point II LLC v. Suffolk Construction Co.*, 578 F. Supp. 2d 807, 810 (D. Md. 2008) (collecting cases). If a clause imposes a geographic limit, either a federal or a state court within the specified geography will satisfy the forum selection. If a clause is stated in terms of sovereignty, however, any action must be filed in the courts of the state sovereign. *Id.*; *Unistaff v. Koosharem Corp.*, 2009 WL 3233419, *2 (E.D. Va. 2009) (citing *Ferri Contracting Company v. Town of Masonton, West Virginia*, 2003 WL 2224905, *1 (4th Cir. 1992)).

Here, the contract mandates that any action "shall be brought in the courts *of* the City of Chesapeake, Virginia" (emphasis added). Rather than stating a geographic limit, such as "courts *in* the City of Chesapeake," the contract uses the term "of". As many courts have found, "of" is a clear reference to sovereignty rather than geography; "[t]he term 'of' is commonly used in clauses to refer to sovereignty and has been defined as 'denoting that from which anything proceeds; indicating origin, source, descent.'" *Silo Point*, 578 F. Supp. 2d. at 810-11; *see also Unistaff*, 2009 WL 3233419 at *4. As such, this forum selection clause is one of sovereignty rather than of geography. To include this federal district court—not even located in the City of

3

Chesapeake—within the forum selection provision would strain the interpretation of the contract unreasonably.

## IV. CONCLUSION

Based on the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**. These consolidated cases are hereby **REMANDED** to the Circuit Court for the City of Chesapeake. The Court **DIRECTS** the Clerk to send a copy of this Memorandum Order to counsel for the parties.

**IT IS SO ORDERED.**

/s/
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
January 15, 2010